IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BANKERS STANDARD INSURANCE COMPANY a/s/o Robert and Michelle McCreary | : <br> : <br> : <br> : Civil Action No.: <br> : |
| Plaintiff <br> v. | : <br> : **JURY TRIAL DEMANDED** |
| PACK-TIMCO, INC. | : |
| and | : |
| VANGUARD CONSTRUCTION CORP. | : |
| and | : |
| SPEARS MANUFACTURING Co. | : |
| Defendants | : |

# COMPLAINT

## PARTIES

1. Plaintiff, Bankers Standard Insurance Company (hereinafter "Bankers Standard"), is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, having a sole principal place of business located at 436 Walnut Street, Philadelphia, PA 19106.

2. Defendant, Pack-Timco, Inc. (hereinafter "Pack-Timco"") is a corporation duly organized and existing under the laws of the State of Connecticut, having a sole principal place of business at 2 Ruby Street, Norwalk, CT 06850.

3. Defendant, Vanguard Construction Corp. (hereinafter "Vanguard") is a corporation duly organized and existing under the laws of the State of Connecticut, having a sole principal place of business at 74 Barnswallow Drive, Trumball, CT 06611.

4. Defendant, Spears Manufacturing Co. (hereinafter "Spears") is a corporation duly organized and existing under the laws of the State of California, having a sole principal place of business at 15853 Olden Street, Sylmar, CA 91342.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a). The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy Five Thousand Dollars ($75,000.00) and there is diversity of citizenship between plaintiff and defendants.

6. Venue in this action is in the District of Connecticut pursuant to 28 U.S.C. § 1391 as the claim arose in this district.

## GENERAL ALLEGATIONS

7. Plaintiff's insured, Michelle and Robert McCreary (hereinafter "McCreary" or "plaintiff's insured"), are adult individuals that at all times relevant hereto owned the property at 20 Thunder Mountain Road, Greenwich, Connecticut, 06831 (hereinafter the "premises").

8. Prior to March 13, 2010, Bankers Standard issued a policy of insurance to McCreary, policy number 268016690 which provided property insurance coverage for the premises.

9. At all times relevant to this complaint, Vanguard was in the business of providing general contracting services related to the building of residential and commercial properties.

10. In or around 2009, Vanguard completed construction of the premises.

11. At all times relevant to this complaint, Pack-Timco was in the business of performing heating and cooling services ("HVAC") related to the building of residential and commercial properties.

12. At all times relevant to this complaint, Spears was in the business of designing, manufacturing, marketing, supplying, selling, distributing and/or otherwise placing into the stream of commerce, CPVC fittings, including the CPVC elbow fitting at issue.

13. During construction, Vanguard performed contracting services at the premises, including but not limited to the installation and/or supervision, management or control of the installation of the HVAC piping and fittings, including the CPVC elbow fitting at issue.

14. During construction, Pack-Timco installed and/or supervised, managed, or controlled the installation of the HVAC piping and fittings, including the CPVC elbow fitting at issue.

15. Spears manufactured the CPVC elbow joint that was installed by Pack-Timco as part of the HVAC piping.

16. In or around August 2009, McCreary moved into the newly constructed premises.

17. In or around June 2010, the air conditioning at the premises was turned on for the first time that season, and initially, it worked fine.

18. Gradually, the air conditioning failed to cool the premises and the house got warmer and warmer and McCreary contacted Pack-Timco to investigate and troubleshoot the air conditioning at the premises.

19. Excavation of the HVAC piping installed by Pack-Timco, (hereinafter collectively referred to as "the piping") revealed that a CPVC elbow fitting was incorrectly installed in a PVC pipe system, and the CVPC elbow fitting had cracked as a result of chemical

attack which caused it to leak antifreeze fluid, specifically, propylene glycol, from the heating and air conditioning system rendering it useless.

20. The improper use and installation of the CPVC elbow during the construction of the premises caused extensive damage to the McCrearys property as well as emergency repairs to the premises.

21. Pursuant to the terms and conditions of the policy, Bankers Standard made payments to the McCrearys for the property damage and emergency repairs.

22. Pursuant to the principles of legal and equitable subrogation, as well as the terms and conditions of the aforementioned policy of insurance, Bankers Standard is subrogated to the rights of its insured to the extent of its payments.

**COUNT I
NEGLIGENCE
PLAINTIFF v. DEFENDANT VANGUARD**

23. Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

24. The failure of the HVAC system and pipe fitting leaks of June 2010 and the resulting damages sustained by Plaintiff were caused by the negligence, carelessness and negligent acts and omissions of defendant Vanguard, its agents, servants and/or employees acting within the scope and course of their employment. Said negligence, carelessness and negligent acts and omissions included, without limitation, the following:

 (a) failing to ensure the purchase and installation of defect free pipe fittings for the premises;

 (b) failing to ensure proper and sufficient materials were used in the construction process;

 (c) causing or allowing defective pipe fittings to be installed;

(d)     failing to properly and adequately design, construct, install, perform, manage, supervise or inspect its work at the premises;

(e)     failing to hire proper and adequate employees, agents and/or contractors;

(f)     failing to perform its work at the premises in conformity with good practice, industry standards and due care;

(g)     failing to properly warn and/or notify plaintiff's insured of any and all dangers and/or hazards associated with the defective pipe fittings;

(h)     improperly installing the CPVC fitting that failed;

(i)     using an incorrect antifreeze mixture that was incompatible with the CPVC fitting it used in the HVAC piping system; and

(j)     otherwise failing to exercise reasonable care under the circumstances.

25.     As a direct and proximate result of the aforesaid negligence, carelessness and negligent acts and omissions of defendant Vanguard, the aforementioned pipe fitting cracked and leaked causing substantial damage and destruction to the property of McCreary.

WHEREFORE, Plaintiff demands judgment be entered in their favor and against defendant Vanguard, in an amount in excess of Two Hundred Six Thousand, Nine Hundred Eighty Two Dollars ($206,982.00) together with the costs of the action, and such other and further relief as this Court deems just and proper.

### COUNT II
### BREACH OF CONTRACT
### PLAINTIFF v. DEFENDANT VANGUARD

26.     Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

27.     At all times relevant hereto, McCreary entered into a contract with Defendant to furnish all labor and materials for the construction of the subject premises ("the contract").

28.     In accordance with the contract, the defendant became contractually obligated to render and perform its services in a good and workmanlike manner, and in compliance with all applicable codes, standards and other industry guidelines, including manufacturer's requirements, so as to avoid creating or failing to correct dangerous and defective conditions existing in and about the equipment sold, installed and otherwise worked upon by Defendant and/or its employees, agents, subcontractors and workmen.

29.     In accordance with the contract, the defendant became contractually obligated to supervise and inspect its work at the premises, so as to avoid creating or failing to correct dangerous and defective conditions existing in and about the equipment sold, installed and otherwise worked upon by the defendant.

30.     The defendant, by and through its conduct set forth above, breached its contractual obligations by failing to perform its work in a safe and workmanlike manner, with the required degree of skill and care, and in accordance with the terms and conditions of its contract.

31.     As a direct and proximate result of the breaches of the aforesaid contractual obligations by the defendant, its agents, servants and/or employees, the aforementioned pipe fitting cracked and leaked causing substantial damage and destruction to the property of the McCrearys.

WHEREFORE, Plaintiff demands judgment be entered in their favor and against defendant Vanguard, in an amount in excess of Two Hundred Six Thousand, Nine Hundred Eighty Two Dollars ($206,982.00) together with interest and costs of the action, and such other and further relief as this Court deems just and proper.

**COUNT III**
**NEGLIGENCE**
**PLAINTIFF v. DEFENDANT PACK-TIMCO**

32.     Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

33.     The failure of the HVAC system and pipe fitting leaks of June 2010 and the resulting damages sustained by Plaintiff were caused by the negligence, carelessness and negligent acts and omissions of defendant Pack-Timco, its agents, servants and/or employees acting within the scope and course of their employment. Said negligence, carelessness and negligent acts and omissions included, without limitation, the following:

(a)     failing to ensure the purchase and installation of defect free pipe fittings for the premises;

(b)     failing to ensure proper and sufficient materials were used in the construction process;

(c)     causing or allowing defective pipe fittings to be installed;

(d)     failing to properly and adequately design, construct, install, perform, manage, supervise or inspect its work at the premises;

(e)     failing to hire proper and adequate employees, agents and/or contractors;

(f)     failing to perform its work at the premises in conformity with good practice, industry standards and due care;

(g)     failing to properly warn and/or notify plaintiff's insured of any and all dangers and/or hazards associated with the defective pipe fittings;

(h)     improperly installing the CPVC fitting that failed;

(i)      using an incorrect antifreeze mixture that was incompatible with the CPVC fitting it used in the HVAC piping system; and

(j)      otherwise failing to exercise reasonable care under the circumstances.

34. As a direct and proximate result of the aforesaid negligence, carelessness and negligent acts and omissions of defendant Pack-Timco, the aforementioned piping cracked and leaked causing substantial damage and destruction to the property of the McCrearys.

WHEREFORE, Plaintiff demands judgment be entered in their favor and against defendant Pack-Timco, in an amount in excess of Two Hundred Six Thousand, Nine Hundred Eighty Two Dollars ($206,982.00) together with the costs of the action, and such other and further relief as this Court deems just and proper.

## COUNT IV
## BREACH OF CONTRACT
## PLAINTIFF v. DEFENDANT PACK-TIMCO

35. Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

36. At all times relevant hereto, Pack-Timco contracted with Vanguard to install and/or supervise, manage, or control the installation of the HVAC piping, including all joints and connections at the premises.

37. McCreary, as owners of the premises, were known, intended, third-party beneficiaries of the contract between Vanguard and Pack-Timco.

38. Pursuant to the aforesaid oral and/or written contracts, the defendant became contractually obligated to render and perform its services in a good and workmanlike manner, and in compliance with all applicable codes, standards and other industry guidelines, including manufacturer's requirements, so as to avoid creating or failing to correct dangerous

and defective conditions existing in and about the equipment sold, installed and otherwise worked upon by the defendant and/or its employees, agents, subcontractors and workmen.

39. As a direct and proximate result of the breaches of the aforesaid contractual obligations by the defendant, its agents, servants and/or employees, the aforementioned pipe fitting cracked and leaked causing substantial damage and destruction to the property of McCreary.

WHEREFORE, Plaintiff demands judgment be entered in their favor and against defendant Pack-Timco, in an amount in excess of Two Hundred Six Thousand, Nine Hundred Eighty Two Dollars ($206,982.00) together with interest and the costs of the action, and such other and further relief as this Court deems just and proper.

## COUNT V
## STRICT LIABILTIY – PURSUANT TO CONN. GEN. STAT. § 52-572m *et seq.*
## PLAINTIFF v. DEFENDANT SPEARS

40. Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

41. The HVAC piping, including the CPVC elbow joint, were not abused, misused or altered in any way by the plaintiffs' insureds from the condition in which they were manufactured and supplied by the Defendant.

42. Defendant Spears is liable and legally responsible to the plaintiff for the plaintiffs' insureds' injuries caused by the fire by virtue of Connecticut General Statutes Section 52-572 (m) et. seq. in one or more of the following respects:

    (a) the CPVC elbow joint was in a defective and unreasonably dangerous condition;

    (b)  the defendant designed, manufactured, assembled and/or sold the subject CPVC elbow joint in a condition that it knew, or should have known, subjected the property of others to foreseeable and unreasonable risk of harm;

    (c)  the defendant designed and manufactured the CPVC elbow joint in a condition that was not merchantable or fit for the purpose for which such products are ordinarily and foreseeably used;

    (d)  the CPVC elbow joint was designed and manufactured in an unreasonable and unsafe manner that allowed it to be subject to chemical attacks;

    (e)  the CPVC elbow joint was designed and manufactured in an unreasonable and unsafe manner that allowed it crack causing leakage of fluids;

    (f)  the CPVC elbow joint was designed and manufactured in an unreasonable and unsafe manner that did not contain appropriate safety measures and guidelines regarding the compatibility of the joint with other products it may be used in conjunction with;

    (g)  the defendant failed to provide proper and adequate warnings regarding the hazards associated with the foreseeable and ordinary use of the CPVC elbow joint;

    (h)  the defendant failed to design the CPVC elbow joint so that foreseeable uses with other materials would not cause it to crack and fail causing leakage of fluids;

    (i)  the defendant negligently designed and manufactured the CPVC elbow joint;

    (j)  the defendant was negligent in failing to properly and adequately test the CPVC elbow joints prior to marketing them;

(k) the defendant was negligent in failing to properly and adequately design, plan, assemble, layout and build the CPVC elbow joint, in a proper and reasonable manner so as to avoid cracks and resulting leakages;

(l) the defendant breached the implied warranty of merchantability in that the CPVC elbow joint was not merchantable for its intended purpose; and

(m) otherwise failing to exercise reasonable care under the circumstances

43. As a direct and proximate result of Defendant Spears' liability pursuant to Connecticut General Statutes Section 52-572 (m), the CPVC pipe fitting cracked and leaked resulting in damage and destruction to plaintiff's insureds' property.

WHEREFORE, Plaintiff demands judgment be entered in their favor and against defendant Pack-Timco, in an amount in excess of Two Hundred Six Thousand, Nine Hundred Eighty Two Dollars ($206,982.00) together with the costs of the action, and such other and further relief as this Court deems just and proper.

Respectfully Submitted,

THE PLAINTIFF,

By: Stuart G. Blackburn, Esq. #ct00686
Law Offices of Stuart G. Blackburn
P.O. Box 608
2 Concorde Way, Bldg. 3-C
Windsor Locks, CT 06096
Tel: 860-292-1116
Fax: 860-292-1221
sgblackburn@sbcglobal.net

Of Counsel, by:
/s/ ERICK J. KIRKER
Cozen O'Connor
1900 Market Street
Philadelphia, PA  19103
(215) 665-2172